```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
TODD LORENZO JOHNSON,                                              :
                                                                   :
                              Plaintiff,                           :
                                                                   :    23 Civ. 3021 (JPC)
                -v-                                                :
                                                                   :          ORDER
WARNER BROS. RECORDS, INC. et al.,                                 :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting copyright infringement claims against Defendants. By Order dated April 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. 3.

## I. Discussion

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Plaintiff has not provided addresses at which Defendants may be served. The Court therefore directs Plaintiff, within thirty days, to provide the Court with addresses where Defendants

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until ninety days after the date summonses are issued.

may be served. Upon receipt of that information, the Court will direct the issuance of summonses and service by the Marshals Service.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II. Conclusion

The Court directs Plaintiff, within thirty days, to provide the addresses where Defendants may be served. If Plaintiff fails to comply with this order within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 4, 2023
New York, New York

JOHN P. CRONAN
United States District Judge