UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
TODD LORENZO JOHNSON,                                              :
:
                    Plaintiff,                                 :
:      23 Civ. 3021 (JPC)
       -v-                                                           :
:      <u>ORDER OF SERVICE</u>
:
UMG RECORDING, INC. *et al.*,                                      :
:
                    Defendants.                                :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action asserting copyright infringement claims against Defendants. By order dated April 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. 3.

    Because Plaintiff did not provide addresses at which Defendants may be served, by order dated May 4, 2023, the Court directed Plaintiff, within 30 days, to provide such addresses. Dkt. 5. By letter dated May 16, 2023, Plaintiff partially complied with the Court's order, Dkt. 6, providing addresses for several Defendants. The Court therefore orders service as detailed below.

## I. Discussion

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants UMG Recording, Inc.; Spotify; Amazon Music; and Believe Digital and TuneCore through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. Each Defendant should be served via the New York Secretary of State using the addresses listed at the end of this Order. Because those four Defendants have corporate names that differ from their names listed in the Complaint, the Court has noted the name listed in the Complaint in parentheses and quotation marks following the correct names. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Additionally, Plaintiff failed to provide addresses for, or provided multiple inconsistent addresses and entity names for, the following Defendants: Translation Enterprise, UMG

Recording Company, Arista Records LLC, iTunes, Deezer, Google Play, YouTube, and Tidel Pinata NFT.  It is Plaintiff's responsibility to provide information sufficient for the Marshals Service to locate each Defendant.  *See Nagy v. Dwyer*, 507 F.3d 161, 163-64 (2d Cir. 2007).  For each of these Defendants, Plaintiff must provide a single address by June 14, 2023.  If he fails to do so, and cannot show good cause to excuse such failure, the Court will dismiss this action as to those Defendants without prejudice.

## II.  Conclusion

The Clerk of Court is instructed to issue summonses for UMG Recording, Inc.; Spotify; Amazon Music; and Believe Digital and TuneCore, complete the USM-285 forms with the addresses for these Defendants for service via the New York Secretary of State, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  June 2, 2023
       New York, New York

                                                  JOHN P. CRONAN
                                            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. UMG Recordings, Inc. ("UMG Recording, Inc.")
   C T Corporation System
   28 Liberty St.
   New York, New York 10005

2. Spotify USA, Inc. ("Spotify")
   C T Corporation System
   28 Liberty St.
   New York, New York 10005

3. Amazon Music Group LLC ("Amazon Music")
   Sage-El
   388 East 49th Street
   New York, New York 11203

4. Believe Digital Media LLC ("Believe Digital and TuneCore")
   632 Warburton Ave Suite 1F
   Yonkers, New York 10701