```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
TODD LORENZO JOHNSON,                                                  :
                                                                       :
                         Plaintiff,                                    :
                                                                       :      23 Civ. 3021 (JPC) (GS)
            -v-                                                        :
                                                                       :              ORDER
UMG RECORDING, INC. et al.,                                            :
                                                                       :
                         Defendants.                                   :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On October 27, 2023, Defendants Spotify USA, Inc. and United Masters, LLC ("Defendants") filed their motion to dismiss *pro se* Plaintiff Todd Lorenzo Johnson's declaratory judgment claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for summary judgment on Plaintiff's claim of copyright infringement pursuant to Federal Rule of Civil Procedure 56.  Dkts. 44-46.  On July 1, 2024, the Honorable Gary Stein—to whom this case is referred for a report and recommendation on all dispositive motions, Dkt. 16—ordered Defendants to advise the Court as to whether they served a Local Civil Rule 56.2 notice on Plaintiff given his *pro se* status, Dkt. 54.  That provision mandates that "[a]ny represented party moving for summary judgment against a party proceeding *pro se* must serve and file as a separate document, together with the papers in support of the motion, [the notice detailed in that provision] . . . with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached."  S.D.N.Y. Local Civil Rule 56.2. On July 2, 2024, Defendants informed the Court that they "have no record of serving the Local Rule 56.2 Statement" on Plaintiff and that they were "contemporaneously serving on Plaintiff" the notice and rule texts required by that provision, in addition to their motion papers.  Dkt. 55 at 1-2.

A represented party's failure to provide the requisite Local Civil Rule 56.2 notice typically

warrants denial of the summary judgment motion unless the "*pro se* litigant [in question] has demonstrated a clear understanding of the nature and consequences of a summary judgment motion and the need to set forth all available evidence demonstrating a genuine dispute over material facts." *Thomas v. Jacobs*, No. 22-512, 2024 WL 631404, at *1 (2d Cir. Feb. 15, 2024) (internal quotation marks omitted) (applying this maxim to appellate vacatur of summary judgment orders); *cf. Davidson v. Lee*, No. 17 Civ. 9820 (CS), 2021 WL 5054118, at *2 (S.D.N.Y. Nov. 1, 2021) ("Plaintiff's experience with summary judgment motions renders harmless Defendants' failure to attach the rules to the 56.2 notice . . . .").

The Court can discern nothing in the record that would illustrate Plaintiff's understanding of "the nature and consequences of a summary judgment motion." *Thomas*, 2024 WL 631404, at *1 (internal quotation marks omitted). Plaintiff's submission of an alleged "copyrights lease agreement" will not suffice. Dkt. 53 at 1. "Where the proper notice has not been given, the mere fact that the *pro se* litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999). While Plaintiff's letter may illustrate his intent to challenge Defendants' motion on the merits, nothing in the letter suggests his understanding of the summary judgment process more generally. *Contra Hafez v. City of Schenectady*, 524 F. App'x 742, 743 (2d Cir. 2013) ("It is reasonably apparent that Hafez understood the nature and consequences of summary judgment, especially given the extensive documentation he submitted *along with* his response to the motion and his contention that issues of material fact properly resolved by a jury should prevent entry of summary judgment against him." (emphasis added)).

Nor is the Court convinced that Defendants' belated notice to Plaintiff cures the earlier defect, since briefing on the motion has been closed for nearly seven months. *See* Dkt. 41 (setting

a deadline of December 11, 2023 for any reply brief for Defendants' motion). Rather, the Court determines that the better course of action at this juncture is to deny Defendants' motion without prejudice and to allow re-filing to ensure adequate notice is provided to *pro se* Plaintiff in the first instance. Accordingly, Defendants' motion is denied without prejudice for failure to comply with Local Civil Rule 56.2. The parties are directed to Judge Stein for a briefing schedule on any renewed motion on the part of Defendants. Defendants may re-file for both summary judgment and dismissal.

    The Clerk of Court is respectfully directed to close Docket Number 44.

    SO ORDERED.

Dated: July 2, 2024
       New York, New York

                              JOHN P. CRONAN
                        United States District Judge