UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
:
TODD LORENZO JOHNSON JR.,                    :          23 Civ. 3021 (JPC) (GS)
:
Plaintiff,                    :          REPORT &
:          <u>RECOMMENDATION</u>
- against -                   :
:
UMG RECORDING, INC., et al.,                 :
:
Defendants.                   :
:
-----------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Todd Lorenzo Johnson Jr., proceeding *pro se* and *in forma pauperis*,
seeks relief under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., for the
allegedly improper use and distribution of song recordings authored by Plaintiff and
associated with his artistic name "Lyfelin."  Defendants UnitedMasters, LLC
("United Masters") and Spotify USA, Inc. ("Spotify") (together, "Defendants") jointly
move for dismissal and/or summary judgment in their favor.  (Dkt. No. 57)  For the
reasons set forth below, the undersigned respectfully recommends Defendants'
motion for summary judgment be **GRANTED** and this action be dismissed in its
entirety.[1]

---

[1] On July 13, 2023, the Honorable John P. Cronan referred this case to Magistrate Judge Gabriel W.
Gorenstein for general pretrial disposition and dispositive motions.  (Dkt. No. 16)  On September 19,
2023, this action and the order of referral were reassigned to the undersigned.  (Dkt. Entries dated
Sept. 19, 2023).

## BACKGROUND

### A.     Plaintiff's Factual Allegations[2]

Plaintiff alleges that, while doing business as the artist "Lyfelin," he "authored" and "copyrighted" certain song recordings that are identified in Exhibit 1 of his Complaint.  (Dkt. No. 1 ("Compl.") at 2, 4 ¶ 3).[3]  Exhibit 1 appears to consist of either printouts or screenshots from unidentified Internet pages with various entries of associated information.  There are two distinct sets of entries (*compare* Ex. 1 at 10–13 *with id.* at 14–15), but all include a date, at least one alphanumerical or numerical sequence, and the headings "Title," "Type," and "Author."  For instance: "Date: 28-Aug-2021" / "QZNMW2170840" / "Title: We Out Here" / "Type of Work: Recording" / "Author": "Todd Lorenzo Johnson."  (*Id.* at 11).  The numerical sequences associated with the entries on pages 14 and 15 are preceded by the word "Registration."  For instance: "Type: Recording" / "Title: 6 in the Morning" / "Author(s): Todd Lorenzo Johnson" / "Timestamp: 2021-09-20" / "Registration: 409242824."  (*Id.* at 15).

Plaintiff asserts that each of the recordings is not only copyrighted, but also associated with its "own special code 'CID' to follow its progress for downloads and shares" through a "decentralized network."  (Compl. at 4 ¶ 1).  Plaintiff refers to this network in his Complaint as "IPFS," meaning "inter planetary filing system."  (*Id.*;

---

[2] The Court liberally construes the Complaint and summarizes Plaintiff's allegations therein to the best of its ability.  When quoting from Plaintiff's Complaint in this Report & Recommendation, the undersigned does not indicate with brackets adjustments made to capitalization, punctuation, and spelling for ease of readability.

[3] Citations to Plaintiff's Complaint are made by reference to the ECF page number(s) and the particular paragraph number(s) on those pages, if applicable, as the Complaint does not use continuous paragraph numbering.

Dkt. No. 62 at 2).  According to Plaintiff, the decentralized network "shows proof of share with the special share numbers," presumably the CIDs, which is "close to NFT blockchain technology." (Compl. at 5).  Attached to the Complaint as Exhibit 3 is a document that purports to list the "CID addresses for all copyrighted works in question." (*Id*. at 8, 18–20).

As alleged, at the time Plaintiff created and registered the recordings he was at a point in "[his] career in which [he] was not signed to a label." (*Id*. at 4 ¶ 1). The significance of that fact, the Court infers, is that Plaintiff was not under a contract with a record label that would distribute and market his music on his behalf.  Instead, Plaintiff relied on two "distribution companies," United Masters and "TuneCore,"[4] which "help artists . . . sell their music through Spotify, Apple Music, Amazon Music . . . [and other] download and streaming stores worldwide." (*Id*. at 3 ¶¶ 4, 6; *see also id*. at 30).  Plaintiff alleges United Masters and TuneCore put his recordings on "major platforms," presumably including Spotify, so that he could "file to file share them." (*Id*. at 4 ¶ 2).

Plaintiff alleges that "in the absence of an agreement" between him and the distribution companies governing the ownership of the recordings, the CIDs establish that he is the "author" of his songs. (*Id*. at 4 ¶ 2).  He asserts: "I am the artist, the writer, and did the marketing, and hence vested with rights of ownership set forth in the copyright laws." (*Id*.).  Those rights include Plaintiff's "exclusive

---

[4] While Plaintiff's Complaint names "TuneCore" of Brooklyn, New York as a defendant in this action (Compl. at 1 (caption) and 2 ¶ 7), the docket does not reflect that service was ever effected on such an entity.  (*See* Dkt. Nos. 7, 15, 48).

rights to reproduce the copyrighted recordings and to distribute the copyrighted recordings to the public." (*Id.* at 4 ¶ 3).

Despite Plaintiff's "rights of ownership" to the recordings, he contends United Masters unlawfully "alleged [it had] rights to the songs and [to the] distribution of the copyrighted sound recordings." (*Id.* at 5). United Masters allegedly "plac[ed] their name" on Plaintiff's copyrighted recordings and "collect[ed] payment" for his works. (*Id.*). Plaintiff further alleges that all Defendants, without his permission or consent, have used and continue to use "an online media distribution system to download the copyrighted recordings, to distribute the copyrighted recordings to the public, and/or to make the copyrighted recordings available for distribution to others." (*Id.* at 6 ¶ 4).

### B.    Plaintiff's Claims

In his Complaint, Plaintiff asserts a single count for "Infringement of Copyrights" under the Copyright Act, alleging that (i) he is and has been at all relevant times the "copyright owner" of the recordings; (ii) each of the recordings is the "subject of [a] valid certificate of copyright registration issued by the Register of Copyrights"; (iii) he therefore had the "exclusive rights" to reproduce and distribute the recordings "to the public for profit"; and (iv) Defendants violated his rights by distributing the recordings to the public and/or making them available for distribution to others without his permission or consent. (Compl. at 5 ¶ 2, 6 ¶¶ 3–4).

Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c) in addition to injunctive relief, contending Defendants "will continue to cause . . . irreparable

injury" to Plaintiff that "cannot be fully compensated or measured in money." (*Id.* at 6 ¶¶ 6–7). In his Prayer for Relief, Plaintiff includes the proposed text of an order enjoining Defendants from "directly or indirectly" infringing on his rights by "using the Internet or any online media distribution system to reproduce (*i.e.* download) . . . [or] distribute (*i.e.* upload) any of Plaintiff's recordings" or otherwise make them available for distribution to the public. (*Id.* at 6–7). The proposed order further commands Defendants to "destroy all copies" of Plaintiff's recordings that are in their custody and control on "any physical medium." (*Id.*).

In the Complaint's introductory paragraph, Plaintiff states that he seeks a "declaratory judgment" that Defendants have no "rights, title, and interest in" his recordings "as set forth below," but does not pursue such declaratory relief as a separate cause of action later in the Complaint. (*Id.* at 2). The only other mention of a declaratory judgment in the Complaint is under the heading "Jurisdiction and Venue." (*Id.* at 3). Therein, Plaintiff asserts this action is "filed pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Copyright Act, 17 U.S.C. § 101, *et seq.*, and Federal Rule of Civil Procedure 57," thereby giving the Court subject matter jurisdiction. (*Id.* at 3 ¶¶ 1–2) (citing 28 U.S.C. §§ 1331, 1338(a) & 2201(a)).

### C.    Defendants' Motion

Defendants submitted their pending motion and brief in support on July 18, 2024 seeking (i) summary judgment in their favor on Plaintiff's copyright infringement claim; and (ii) dismissal of Plaintiff's declaratory judgment claim, to

the extent the Court construes Plaintiff's Complaint to assert that claim. (Dkt. No. 57; Dkt. No. 59 ("Def. Br.")). In addition, Defendants submitted a Local Civil Rule 56.1 statement of undisputed material facts (Dkt. No. 58); supporting declarations from Defendants' counsel (Dkt. No. 58-1 ("Kublanovsky Decl.") & Dkt. No. 58-2 ("Dykema Decl.")); portions of the public catalog of the United States Copyright Office ("U.S. Copyright Office" or "Copyright Office") (Dkt. No. 58-3); and several other exhibits, including counsel's correspondence with Plaintiff about this action (Dkt. Nos. 58-4–58-7).

Defendants contend these materials show that Plaintiff never validly registered any of the subject song recordings with the U.S. Copyright Office, as required to maintain his copyright infringement claim. Defendants primarily rely on one of the declarations from counsel that details various searches he conducted in the Copyright Office's public catalog in an effort to locate registrations that would support Plaintiff's allegations. (*See generally* Dykema Decl.). Defendants' counsel represents that he ran separate searches for registrations associated with (i) all nine song titles that Plaintiff affirmatively identifies as such in his Complaint, along with 15 other phrases in the Complaint that "could be interpreted as" song titles; (ii) several variations of Plaintiff's name ("Lyfelin," "Todd Lorenzo Johnson," and "Todd Johnson"); and (iii) the "Registration" numbers listed in the exhibits to Plaintiff's Complaint and corresponding song titles. (*Id*. ¶¶ 4–11). None of these searches returned any entries in the catalog, with the exception of the search using the name "Todd Johnson," which returned 210 entries that counsel describes as

6

"false positives" due to the common name. (*Id*. ¶¶ 11–12; Dkt. No. 58-3; *see also*
Def. Br. at 11).

Defendants further assert, with an accompanying declaration from counsel,
that after being unable to identify Plaintiff's purportedly registered works, counsel
emailed Plaintiff on September 1, 2023 and October 5, 2023, informing him that the
registrations he cited "do not appear to be valid." (Dkt. No. 58-4; Kublanovsky Decl.
¶ 2; *see also* Def. Br. at 4). In both emails, Defendants' counsel requested that
Plaintiff look up his registration numbers in the Copyright Office's free online
public catalog and provide Defendants with the registration numbers.
(Kublanovsky Decl. ¶ 2; Dkt. No. 58-4). Counsel also included a link to the online
catalog in both emails and instructions on how to conduct searches, including where
to find registration numbers. (Kublanovsky Decl. ¶ 2; Dkt. No. 58-4).

On October 11, 2023, Plaintiff sent several emails in response with
screenshots of a website that are virtually identical to those attached to his
Complaint. (Kublanovsky Decl. ¶ 3; Def. Br. at 4–5; *compare* Dkt. No. 58-4 *with*
Compl. Ex. 1). Plaintiff wrote "if that is not a legal copy right office [] they are
committing fraud" and that he is "in federal court with [his] registration for [his]
copyrights so it's recorded." (Dkt. No. 58-7).

Defendants subsequently deduced that the screenshots were from "the
internet website 'Works Copyright' a/k/a https://workscopyright.com."
(Kublanovsky Decl. ¶ 3; *see also* Def. Br. at 4–5, 12). Defendants describe this as an
"internet website, of dubious legitimacy," that is "not an authorized agency,

representative or affiliate of the United States Copyright Office."  (Def. Br. at 5; Dykema Decl. ¶¶ 14–15; *see also* Kublanovsky Decl. ¶ 3).  Defendants' counsel "verified that the registration numbers" appearing in the screenshots from Plaintiff "corresponded to registration records from Works Copyright."  (Def. Br. at 5; Dykema Decl. ¶¶ 14–15; Dkt. No. 58-6).

### D.    Plaintiff's Response to Defendants' Motion

On July 22, 2024, Plaintiff filed his response to Defendants' motion.  (Dkt. No. 62 ("Pl. Br.")).  Plaintiff first asserts that he entered into three separate agreements, attached to an earlier submission from Plaintiff, in July and September of 2021 with producers Brandon Harris a/k/a "Cedes," Jerran Perran a/k/a "jpBeatz," and Mihai Lamasanu a/k/a "sixty."[5]  (*Id.* at 1–3; Dkt. No. 53 at 2–5 ("Cedes Agmnt."); *id.* at 11–15 ("jpBeatz Agmnt."); *id.* at 16–20 ("sixty Agmnt.")).  Through these agreements, Plaintiff contends, he leased "copyrighted beats" that he used, together with his own lyrics, to create his songs.  (Pl. Br. at 1–3).  This contention is generally consistent with the agreements themselves, each of which provides that Plaintiff is granted a "non-exclusive license" to incorporate and/or use the relevant "Beat" in a "New Song" for certain limited purposes prescribed by each agreement.  (*See* Cedes Agmnt. ¶ 4(b); jpBeatz Agmnt. ¶ 4(a); sixty Agmnt. ¶ 4(a)).  In addition, the agreements state, *inter alia*, that each producer is the "sole owner and holder of all rights, title, and interest in the Beat, including all copyrights" and

---

[5] This earlier submission also includes a document titled "royalty breakdown[s]," which lists Plaintiff's name and song titles alongside minimal dollar figures.  (Dkt. No. 53 at 25–29).  Plaintiff describes this document as "the false payment amount with no audit by the Company of United Masters."  (*Id.* at 1).

the licensee (*i.e.*, Plaintiff) "may not, under any circumstances, register or attempt to register the New Song and/or the Beat with the U.S. Copyright Office." (Cedes Agmnt. ¶ 6(a); jpBeatz Agmnt. ¶ 6(a); sixty Agmnt. ¶ 6(a)).

Plaintiff briefly addresses the searches that Defendants' counsel conducted of the Copyright Office's catalog. He first asserts that "Defendants claim that there are no registered copyrights under the name 'Lyfelin,' but Plaintiff's name is '[Todd] Johnson'"[6] and contends that Defendants should have run the searches using the names of the three producers. (Pl. Br. at 3).

Separately, Plaintiff argues that (i) he is registered with or entered into contracts with several third-party performing rights organizations, such as the American Society of Composers, Authors, and Publishers ("ASCAP"); and (ii) the song recordings he created, as opposed to the beats alone, are registered with "Sound Exchange IRSC Search" at "irsc.soundexchange.com." (*Id.*). In support, Plaintiff attaches a printout from the Sound Exchange website that lists his song titles, names "Lyfelin" as the "artist" of these songs, and provides unique "UPC" numbers that, Plaintiff states, "can be used along with ipfs tracking code to see the full amount of streams and downloads." (*Id.* at 4, 6–7). This, according to Plaintiff, "concludes the fact that there is a search registration that records the songs and the artist to be Lyfelin." (*Id.* at 3–4).

---

[6] While Plaintiff spells his name "Tood Johnson" in the quoted passage, the Court assumes this is a drafting error. (Pl. Br. at 3).

### E.    Procedural History

Plaintiff initiated this action on April 10, 2023 by filing his Complaint and naming approximately 15 defendants.  (Dkt. No. 1).  Plaintiff did not provide service addresses for most of the defendants, despite a May 4, 2023 Order by the Honorable John P. Cronan instructing Plaintiff to do so.  (Dkt. No. 5).  Accordingly, the Court dismissed this action against all named defendants without service addresses, pursuant to Orders dated June 20, 2023 (Dkt. No. 10) and July 5, 2023 (Dkt. No. 12), leaving only five Defendants: United Masters,[7] Spotify, UMG Recordings, Inc., Believe Digital Media LLC, and Amazon Music Group LLC ("Amazon Music").

On November 9, 2023, the Court dismissed this action as to Defendant UMG Recordings, Inc. based on the parties' Rule 41(a)(2) stipulation of dismissal.  (Dkt. No. 51).  The undersigned also excused Believe Digital Media LLC from any obligation to respond in this action, given its uncontested representation that it is a "one-person shop" offering photography and website design for small businesses that was served in error.  (Dkt. Nos. 15 & 48).  While the docket reflects that service was effected on Amazon Music on August 17, 2023 (Dkt. No. 26), to date Amazon Music has not appeared in this action or responded to Plaintiff's Complaint.[8]

---

[7]  Pursuant to the Court's July 5 Order, a return of service was filed on August 21, 2023 that reflects service of an entity by the name of "Translation Enterprises."  (Dkt. Nos. 12 & 25).  Moving Defendant UnitedMasters, LLC (*i.e.*, United Masters) represents, however, that "Translation Enterprises Inc." is the former name of "UnitedMasters, Inc." and "UnitedMasters Inc." is the proper name of the entity that was served.  (Dkt. No. 28 at 1 n.1).  United Masters further represents that it is a wholly owned subsidiary of UnitedMasters, Inc. and that UnitedMasters, LLC is the proper Defendant to this action, not UnitedMasters, Inc.  (Dkt. No. 32; *see also id.*; Dkt. No. 33).

[8] Although Amazon Music does not join in Defendants' motion, the undersigned recommends that the Court *sua sponte* dismiss this action against it because the same deficiencies that require dismissal of Plaintiff's claims against United Masters and Spotify are equally fatal to Plaintiff's claims against Amazon Music.  *See Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000) (plaintiff was not

The remaining Defendants, United Masters and Spotify, first moved to dismiss or for summary judgment on October 27, 2023.  (Dkt. Nos. 44–46).  In an Order dated July 2, 2024, Judge Cronan denied that motion without prejudice for failure to comply with the notice requirement applicable in *pro se* cases under Local Civil Rule 56.2.[9]  (Dkt. No. 56).  On July 18, 2024, Defendants submitted the motion that is now pending before the Court (Dkt. No. 57), which appears to be identical to their first motion, along with a Local Civil Rule 56.2 Notice ("Rule 56.2 Notice") (Dkt. No. 60),[10] and a certificate of service (Dkt. No. 61).  Thereafter, Plaintiff submitted his opposition brief discussed above (Dkt. No. 62), and, on July 29, 2024, Defendants submitted their reply (Dkt. No. 63 ("Reply Br.")).

---

procedurally prejudiced by district court's decision to grant summary judgment *sua sponte* to non-moving defendant because "[t]he threat of procedural prejudice is greatly diminished if the court's *sua sponte* determination is based on issues identical to those raised by the moving party"); *Mattheos v. JLG Indus., Inc.*, No. 20 Civ. 2356 (HG), 2024 WL 3835174, at *4 n.7 (E.D.N.Y. Aug. 15, 2024) (dismissing claim against moving and non-moving defendant for the same reasons because plaintiff was "on notice that he had to come forward with all of [his] evidence to support" this claim) (citation omitted).

[9] Local Civil Rule 56.2 requires "'[a]ny represented party moving for summary judgment against a party proceeding *pro se* [to] serve and file as a separate document, together with the papers in support of the motion, [a] Notice to [a] Pro Se Litigant Who Opposes a Motion For Summary Judgment with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached.'"  *Torres v. Bellevue S. Assocs. L.P.*, No. 16 Civ. 2362 (RA), 2020 WL 3377797, at *1 (S.D.N.Y. June 18, 2020) (quoting L. Civ. R. 56.2).

[10] The Rule 56.2 Notice advises a *pro se* plaintiff that, *inter alia*, "you may not oppose summary judgment simply by relying on the allegations in your complaint"; "you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant"; "[i]f you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the court may accept defendant's facts as true"; and "[y]our complaint may be dismissed . . . and judgment may [] be entered in defendant's favor without a trial."  Rule 56.2 Notice (emphasis omitted), available at https://nysd.uscourts.gov/node/840.

## LEGAL STANDARDS

### A.    Motion to Dismiss for Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

The Court must "accept[] all factual allegations in the complaint as true" and "draw[] all reasonable inferences in the plaintiff's favor." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (citation omitted). Courts need not, however, consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Accordingly, the Court must "read the pleadings of a *pro se* plaintiff liberally" and construe them to raise "the strongest possible arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280

(2d Cir. 1999) (cleaned up).  Nonetheless, *pro se* pleadings still "must contain factual allegations sufficient to raise a 'right to relief above the speculative level.'"  *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555).

### B.    Summary Judgment

"Granting summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Pantoja v. Enciso*, No. 18 Civ. 11842 (PAE) (GWG), 2019 WL 6704684, at *4 (S.D.N.Y. Dec. 10, 2019) (quoting Fed. R. Civ. P. 56(a)), *R&R adopted*, 2020 WL 70919 (S.D.N.Y. Jan. 6, 2020).  "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."  *Id.* (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)).

The party moving for summary judgment "bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial,' . . .  and to present such evidence that would allow a jury to find in his favor."  *Minus v. City of N.Y.*, 488 F. Supp. 3d 58, 63 (S.D.N.Y. 2020) (quoting *Anderson*, 477 U.S. at 256).  A court must view the facts "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find

in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation omitted). "'[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party,' summary judgment must be denied." *Minus*, 488 F. Supp. 3d at 63 (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)).

When considering a motion for summary judgment, the court affords a *pro se* litigant "special solicitude." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). As with a motion to dismiss, this "special solicitude" includes liberally construing the *pro se* party's submissions and interpreting them to raise the strongest arguments they suggest. *See Alli v. City of N.Y.*, No. 21 Civ. 4866 (ALC) (SN), 2023 WL 6393403, at *3 (S.D.N.Y. Sept. 29, 2023). "This special solicitude is not unlimited, however, and does not relieve a party of his or her duty to meet the requirements necessary to defeat a motion for summary judgment." *Id.* (cleaned up). Like any other litigant, "a *pro se* plaintiff cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor." *Minus*, 488 F. Supp. 2d at 60 n.2 (cleaned up); *see also Veras v. Jacobson*, No. 18 Civ. 6724 (KMK), 2022 WL 2133842, at *4 (S.D.N.Y. June 14, 2022) ("a pro se party's bald assertions unsupported by evidence are insufficient to overcome a motion for summary judgment") (cleaned up).

C.      The Copyright Act

Section 411(a) of the Copyright Act provides "no civil action for infringement

of the copyright in any United States work shall be instituted until preregistration

or registration of the copyright claim has been made in accordance with" the

statute.  17 U.S.C. § 411(a).  Registration is obtained by delivering certain material,

together with an application and fee, to the Copyright Office at the Library of

Congress.  *See* 17 U.S.C. § 408(a).  The registration requirement "'is akin to an

administrative exhaustion requirement that the owner [of a copyright] must satisfy

before suing to enforce ownership rights.'"  *Whistleblower Prods., LLC v. St8cked*

*Media LLC*, No. 18 Civ. 5258 (PKC) (CLP), 2019 WL 3082482, at *5 (E.D.N.Y. July

15, 2019) (quoting *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S.

296, 300 (2019)).

While a plaintiff's failure to register a copyright is not a *jurisdictional*

obstacle to bringing suit, *see Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157

(2010), Section 411(a) makes it clear that copyright registration is a condition that a

plaintiff "must satisfy before filing an infringement claim and invoking the

[Copyright] Act's remedial provisions."  *Id.* at 158; *see also Thomas v. Doja Cat*, No.

24 Civ. 2856 (LTS), 2024 WL 2785139, at *2 (S.D.N.Y. May 29, 2024) ("registration

of a copyright with the United States Copyright Office is a precondition for bringing

an infringement action in federal court"); *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659,

663 (S.D.N.Y. 2017) ("'[d]istrict courts in the Second Circuit require that a plaintiff

either hold a valid copyright registration or have applied and been refused a

registration as a prerequisite to filing a civil claim'") (quoting *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 143 (W.D.N.Y. 2014)); *Accurate Grading Quality Assurance, Inc. v. Thorpe,* 12 Civ. 1343 (ALC), 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) ("[w]hile not a strictly jurisdictional requirement, [Section] 411(a) nonetheless requires copyright registration as a precondition to [] copyright claims").

## DISCUSSION

### A.    Treatment of Defendants' Motion

As a threshold matter, the Court must determine whether to consider Defendants' motion as a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) or a motion for summary judgment under Rule 56.  In their Notice of Motion Defendants state that they are moving "to dismiss . . . pursuant to Fed. R. Civ. P. 12(b)(6)."  (Dkt. No. 57)  Yet, as indicated by the discussion above, Defendants' moving brief relies heavily on the declarations and exhibits submitted along with their motion (*see* Def. Br. at 3–6, 11–12), which typically may not be considered on a motion to dismiss.  *See, e.g.*, *Murray v. Dabo*, No. 22 Civ. 4026 (VEC) (GS), 2024 WL 1421119, at *6 (S.D.N.Y. Feb. 2, 2024) ("evidentiary material [that] is outside the pleadings [] may not properly be considered on a motion to dismiss under Rule 12(b)(6)"), *R&R adopted*, 2024 WL 964599 (S.D.N.Y. Mar. 5, 2024).[11]  Further,

---

[11] In the "Legal Standards" section of their brief Defendants note that the Court "'may take judicial notice of copyright registrations within the United States Copyright Office's public catalog.'"  (Def. Br. at 6–7 (quoting *Fleishman v. World Bride Magazine*, No. 19 Civ. 5595 (EK) (LB), 2020 WL 7774843, at *6 (E.D.N.Y. Oct. 27, 2020)).  This may have been intended to support an argument that the Court can consider Defendants' materials on a Rule 12(b)(6) motion to dismiss.  But Defendants never make such an argument.  Moreover, the cases Defendants cite take judicial notice of a copyright holder's actual registration as reflected in the public catalog.  By contrast, Defendants suggest the Court should take judicial notice of the alleged *absence* of a registration in the catalog,

Defendants' moving brief explicitly asks the Court to "grant summary judgment" in their favor on Plaintiff's copyright infringement claim, without advancing any argument that this claim is subject to dismissal under Rule 12(b)(6). (Def. Br. at 1, 12).

Defendants' decision to not meaningfully move for dismissal under Rule 12(b)(6) is understandable. The Complaint alleges that Plaintiff is the "copyright owner" of certain recordings and that each of his recordings is the "subject of [a] valid certificate of copyright registration issued by the Register of Copyrights." (Compl. at 5 ¶ 2). Under the weight of authority in this Circuit, these allegations are sufficient to state a claim. *See, e.g.*, *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 894 (S.D.N.Y. 2016) (denying motion to dismiss where complaint alleged subject materials "'are the subject of valid Certificates of Registration issued by the Register of Copyrights'") (quoting complaint); *Bill Diodato Photography LLC v. Avon Products, Inc.*, 12 Civ. 847 (RWS), 2012 WL 3240428, at *8 (S.D.N.Y. Aug. 7, 2012) (finding sufficient complaint's allegation that "'Plaintiff has a registered copyright in the creative works identified herein'") (quoting complaint).[12]

---

based on searches of the catalog as described in an attorney's affidavit. Not surprisingly, Defendants cite no cases holding judicial notice to be appropriate in such a circumstance.

[12] *See also Hartmann v. Popcornflix.com LLC*, 690 F. Supp. 3d 309, 318 (S.D.N.Y. 2023) ("plaintiffs are generally not required to attach certificates of registrations or to plead registration numbers in their complaint") (cleaned up); *Arista Recs. LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) (finding plaintiffs' allegations to be "more than sufficient" to survive dismissal where the complaint alleged each plaintiff "is a copyright owner . . . of the recordings, and that each of the recordings is 'the subject of a valid Certificate of Registration issued by the Register of Copyrights' . . . and include[d] a corresponding list of recordings allegedly infringed by each Defendant") (quoting complaint); *SAS Grp., Inc. v. Chemplex Auto. Grp., Inc.*, 7 Civ. 10262 (SCR), 2008 WL 11628310, at

Nonetheless, it is not improper for Defendants to move for summary judgment on this ground, even though no discovery has yet been conducted in the case. *See Emigra Grp., LLC v. Fragomen, Del Ray, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 346 & n.51 (S.D.N.Y. 2009) ("while it is true that summary judgment is not often granted prior to discovery, there is nothing in the Federal Rules of Civil Procedure precluding summary judgment—in an appropriate case—prior to discovery") (collecting cases). Although the Court is cognizant that there are "potential problems in considering a motion for summary judgment before discovery has taken place," *Liberty Mut. Ins. Co. v. N. Picco & Sons Contracting Co.*, No. 05 Civ. 217 (SCR), 2008 WL 190310, at *6 (S.D.N.Y. Jan. 16, 2008), Plaintiff's registration of his copyrights is a key, outcome-dispositive issue that could render discovery unnecessary. *See id.* ("all parties agree on some key issues-and if those issues prove dispositive, then there is a lack of a material dispute, and further discovery is unnecessary") (citation omitted); *see also Graham v. Prince*, 265 F. Supp. 3d 366, 386 (S.D.N.Y. 2017) (noting that Rule 12(d)'s procedure allowing district courts to consider matters outside the pleadings "may be appropriate in certain copyright infringement actions where discovery is unnecessary to resolve a motion to dismiss").

Moreover, whether Plaintiff registered his recordings is a fact within his knowledge, not Defendants', making it difficult to see how allowing Plaintiff discovery on this issue would be fruitful. *Williams v. Cap. Power Ops. (USA), Inc.*,

---

*3 (S.D.N.Y. Nov. 10, 2008) (favorably citing *Arista Recs. LLC* in denying motion to dismiss copyright infringement claim).

18

No. 3:14 CV 280 (WWE), 2014 WL 12773574, at *1 (D. Conn. Nov. 5, 2014) (granting summary judgment and finding discovery unnecessary where "the facts asserted by defendants are within plaintiff's knowledge"); *Feeley v. Whitman Corp.*, 65 F. Supp. 2d 164, 172 (S.D.N.Y. 1999) (granting summary judgment where "the facts upon which [defendant's] motion rests are clearly facts within the knowledge of plaintiff, requiring no discovery").

Under Local Rule 56.2, a represented party seeking summary judgment against a *pro se* litigant must "provide notice to the litigant describing the nature and consequences of a motion for summary judgment." *Tafuto v. N.Y.S. Office for Children & Fam. Servs.*, No. 08 Civ. 8433 (LTS) (THK), 2012 WL 4459803, at *4 (S.D.N.Y. Sept. 25, 2012). As noted above, the Court denied without prejudice Defendants' first motion precisely because Defendants had failed to provide *pro se* Plaintiff with the requisite notice. (Dkt. No. 56). Such notice has now been provided to Plaintiff, as Defendants have filed and served a Rule 56.2 Notice on Plaintiff (via mail and email) that unequivocally advises him of the nature and consequences of summary judgment. (*See* Dkt. Nos. 60 & 61). Further, Plaintiff's response to Defendants' motion evinces his understanding that "Material Facts [] Need to Be Disputed" (Pl. Br. at 1), that those facts concern his allegation that he validly registered pertinent copyrights (*see generally id.*), and that the Court may not "allow this case to move forward" if it finds his opposition to Defendants' motion to be deficient (*id.* at 4).

Accordingly, as Plaintiff has been properly notified of the nature and consequences of summary judgment and has been given the opportunity to submit evidence of his own to rebut Defendants' showing, the Court finds it appropriate to treat Defendants' motion as a motion for summary judgment under the applicable Rule 56 standard.[13]

### B.  Plaintiff's Copyright Infringement Claim

Defendants have met their initial burden of showing there is no genuine issue of material fact with respect to Plaintiff's copyright infringement claim and Plaintiff does not put forward any evidence that could reasonably support a verdict in his favor.  Defendants, in particular, have submitted substantial and uncontroverted evidence that Plaintiff does not possess a valid copyright registration for any of the song recordings at issue, thus negating an essential element of Plaintiff's claim for infringement.  *See, e.g.*, *Thomas*, 2024 WL 2785139, at *2 (copyright registration with U.S. Copyright Office is "a precondition for bringing an infringement action in federal court"); *K–Beech, Inc. v. Does 1–29*, No.

---

[13] Defendants suggest that the Court may "convert" their motion to a motion for summary judgment. (Def. Br. at 7).  While Rule 12(d) permits a court to convert a motion to dismiss to one for summary judgment, it is unclear why Defendants suggest the Court do so, as it does not appear Defendants are moving to dismiss Plaintiff's copyright infringement claim under Rule 12(b)(6) in the first instance.  To the extent relevant, the Court agrees that conversion in this case would be appropriate. *See, e.g.*, *D'Arezzo v. Appel*, No. 22 Civ. 0177 (PAE) (SDA), 2023 WL 5020344, at *5 (S.D.N.Y. May 31, 2023) (conversion to summary judgment proper provided parties are given "adequate notice and an opportunity to submit the additional supporting material contemplated by Federal Rule of Civil Procedure 56") (cleaned up), *R&R adopted*, 2023 WL 4362989 (S.D.N.Y. July 6, 2023); *Scheckells v. Goord*, 423 F. Supp. 2d 342, 345–46 (S.D.N.Y. 2006) (converting Rule 12(b)(6) motion to a motion for summary judgment after defendants provided *pro se* plaintiff with a Rule 56.2 Notice in their moving papers).

11 Civ. 3331 (JTB) (ETB), 2011 WL 4401933, at *1 (E.D.N.Y. Sept. 19, 2011) ("valid registration is an element of an infringement claim").

This evidence includes affidavits from counsel that detail Defendants' efforts to locate any pertinent copyright registrations that may support Plaintiff's claim for infringement. Counsel represents in the affidavits that they have conducted searches of the Copyright Office's catalog using as search terms "Todd Johnson," "Lyfelin," over 20 words or phrases in Plaintiff's Complaint that are identified as song titles or could be interpreted as such, and the "registration" numbers in the attachments to the Complaint. (Dykema Decl. ¶¶ 4–11). None of these searches, as stated in counsel's affidavit, yielded any relevant copyright registrations. (*Id.* ¶¶ 8–12). Defendants' counsel therefore concludes "it is apparent that the Plaintiff in this matter does not own copyright registrations in the songs alleged in the Complaint, because the Copyright Office appears to have no record of any such registrations." (*Id.* ¶ 13).

Furthermore, Defendants have presented substantial evidence that Plaintiff registered his song recordings with the "Works Copyright" website, *not* the U.S. Copyright Office, under the belief that this would provide him with valid, enforceable copyrights. (*See* Kublanovsky Decl. ¶ 3; Dykema Decl. ¶¶ 14–15). Indeed, Defendants verified that the "registration" numbers in the attachments to Plaintiff's Complaint correspond with records from this website. (*See* Dykema Decl. ¶¶ 14–15; Dkt. No. 58-6). And when Defendants requested further information from Plaintiff, he responded by stating "if [Works Copyright] is not a legal copyright

office [then] they are committing fraud." (Kublanovsky Decl. ¶ 4; Dkt. No. 58-7).

Plaintiff does not provide any response on this issue in his opposition brief. Even

assuming, *arguendo*, that Plaintiff subjectively *believed* he had properly registered

his recordings with "Works Copyright," that would not excuse his failure to comply

with the requirement of the Copyright Act: registration with the *U.S. Copyright

Office*.[14]

None of Plaintiff's submissions in response to Defendants' motion "present

admissible evidence from which a reasonable jury could find in his favor" on the

registration issue. *Minus*, 488 F. Supp. 2d at 60 n.2 (cleaned up). Plaintiff's

primary argument is *not* that he may own a valid copyright that could be located

through discovery. It is that three third-party producers own valid copyrights to the

underlying beats of his songs and, as provided in the lease agreements, Plaintiff has

a "non-exclusive license" to use the beats. (*See* Pl. Br. at 1–3; Cedes Agmnt. ¶ 4(b);

jpBeatz Agmnt. ¶ 4(a); sixty Agmnt. ¶ 4(a). But "[a] non-exclusive license conveys

no ownership interest, and the holder of a nonexclusive license may not sue others

for infringement." *Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007).[15] Thus, even if,

as Plaintiff suggests, searching the Copyright Office's catalog using the names of

---

[14] The Works Copyright website itself includes a notice to this effect, advising its users: "For the copyright owner to be able to file a copyright-related suit within the U.S. (i.e., related to unauthorized use of works within the U.S.) and be eligible to receive statutory damages[,] the U.S. government requires that the work be registered at the U.S. Copyright Office . . . If you are a user from the U.S. and statutory damages are important in your case, we recommend that you register your works both with the U.S. Copyright Office and with the Works Copyright portal." *Legal Issues*, Works Copyright, https://www.workscopyright.com (last visited Dec. 6, 2024).

[15] Indeed, the lease agreements appear to actually prohibit Plaintiff from registering his song recordings with the Copyright Office. (*See* Cedes Agmnt. ¶ 6(a); jpBeatz Agmnt. ¶ 6(a); sixty Agmnt. ¶ 6(a).

the producers would return evidence that the producers own valid copyrights for the beats, this would not support Plaintiff's copyright claim.

Plaintiff's argument that "Defendants claim that there are no registered copyrights under the name 'Lyfelin,' but Plaintiff's name is '[Todd] Johnson'" (Pl. Br. at 3) fares no better. Based on their evidentiary submission, Defendants searched the catalog under *both* Plaintiff's real name and his artistic name and found no relevant registrations under either name. (*See* Dykema Decl. ¶¶ 8–9, 11–13; Def. Br. at 11). Indeed, Defendants submitted the complete search results for the name "Todd Johnson" in support of their moving brief and assert that none of the registrations relate to the individual who is the Plaintiff in this action. (Dykema Decl. ¶¶ 11–12; Dkt. No. 58-3; Def. Br. at 11). Plaintiff has not disputed that assertion. Accordingly, to the extent Plaintiff suggests that further searches could be conducted using his real name, that suggestion fails to raise a genuine dispute of material fact.

Equally unavailing are Plaintiff's assertions that he is registered or under contract with various third-party performing rights organizations such as ASCAP, or that he registered his songs with "Sound Exchange IRSC Search" and is listed as the artist. (*See* Pl. Br. at 3–4). Defendants do not dispute these contentions, but rather accurately point out that none of them shows that Plaintiff's song recordings have been registered with the Copyright Office, as required for Plaintiff to maintain his claims. (*See* Reply at 4–5). Moreover, while Plaintiff requests that Defendants conduct searches in third-party platforms to "see the full amount of streams and

downloads" of his songs (Pl. Br. at 4), this information simply is not relevant to establishing that Plaintiff possesses a federal copyright registration.

Accordingly, on the basis of Defendants' evidentiary showing and Plaintiff's failure to adduce evidence to rebut that showing, the Court concludes there can be no genuine dispute that Plaintiff's copyrights have not been validly registered with the U.S. Copyright Office.  Summary judgment dismissing Plaintiff's copyright infringement claims is therefore warranted.

### C.    Plaintiff's Declaratory Judgment Claim

Construing Plaintiff's Complaint liberally to assert a claim for a declaratory judgment as to ownership of his recordings, *see Ransom v. Banks*, 20 Civ. 10232 (MKV), 2022 WL 769344, at *6 (S.D.N.Y. Mar. 14, 2022) (*pro se* complaint must be construed "liberally to raise all claims possible"), the undersigned nonetheless recommends dismissal of that claim as well, as there is no statutory authority for the issuance of a declaratory judgment here.

Although Plaintiff invokes the Declaratory Judgment Act, 28 U.S.C. § 2201 (Compl. at 3 ¶¶ 1–2), that Act "does not provide an independent cause of action; instead, its operation is procedural only—to provide a form of relief previously unavailable."  *Hello I Am Elliot, Inc. v. Sine*, No. 19 Civ. 6905 (PAE), 2020 WL 3619505, at *11 (S.D.N.Y. July 2, 2020) (citation omitted).  And to the extent Plaintiff bases his claim on the Copyright Act, "neither the Copyright Act, nor any other relevant statute, supplies a cause of action for the relief [Plaintiff] seeks: a declaration of copyright ownership."  *Id.*  "In essence, [Plaintiff] is 'merely asking for a declaration of copyright ownership, something for which relevant statutes create

no explicit right of action.'" *Neu Prods. Inc. v. Outside Interactive, Inc.*, No. 23 Civ. 4125 (LAK), 2024 WL 2992351, at *3 (S.D.N.Y. June 13, 2024) (quoting *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018)).

Further, Plaintiff cannot rely on the Copyright Act's cause of action for copyright infringement to support his claim for declaratory relief "because a plaintiff cannot bring a copyright infringement suit 'until preregistration or registration of the copyright claim has been made.'" *Hello I Am Elliot*, 2020 WL 3619505, at *11 (quoting 17 U.S.C. § 411(a)). As discussed above, Plaintiff has not satisfied the registration requirement. *See id.* ("Plaintiffs here have not registered their copyright in Hello I Am Elliot, and thus would be barred from pursuing that cause of action—and a corresponding declaratory judgment.").[16]

### D.    Leave to Replead

While it is true that generally "a court should grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects," leave should not be granted if an "amendment would be futile." *Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022); *accord Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir. 1988); *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). That is the case here, as

---

[16] Defendants also move to dismiss Plaintiff's declaratory judgment claim on the basis that Plaintiff does not allege an "actual controversy between the parties" as required to confer this Court with subject matter jurisdiction. (Def. Br. at 8–9 ("The Complaint does not allege that Defendants have done anything injurious to his purported ownership of the copyrights to the Master Recordings, or even denied Plaintiff's purported ownership.")). But Defendants' characterization of Plaintiff's Complaint is not accurate. Plaintiff alleges that United Masters purported "to have rights to song and unlawful distribution of copyrighted sound recording," "plac[ed] their name" on the recordings, and unlawfully "collect[ed] payment" for them. (Compl. at 5). Regardless, the Court need not address this argument by Defendants, as Plaintiff's declaratory judgment claim fails for the independent reasons set forth above.

"[t]he failure to register the copyright in advance of filing suit cannot be cured through amendment and thus warrants dismissal of the case" with prejudice. *Iantosca v. Elie Tahari, Ltd.*, No. 19 Civ. 4527 (MKV), 2020 WL 5603538, at *3 (S.D.N.Y. Sept. 18, 2020); *see also Malibu Media, LLC v. Doe*, 18 Civ. 10956 (JMF), 2019 WL 1454317, at *2–3 (S.D.N.Y. Apr. 2, 2019).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that Defendants' motion for summary judgment be **GRANTED** and that this action be dismissed in its entirety.

DATED:    New York, New York
          December 6, 2024

                                        _____
                                        The Honorable Gary Stein
                                        United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. Section 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen days, inclusive of weekends and holidays, from the date of this Report and Recommendation to file written objections thereto.  *See also* Fed. R. Civ. 6(a), (b), and (d).  Any such objections shall be filed with the Clerk of Court.  Any request for an extension of time to file objections must be directed to Judge Cronan. A failure to file timely objections will preclude appellate review.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner v. Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).