UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
  :
TODD LORENZO JOHNSON,  :
  :
                Plaintiff,  :
  :     23 Civ. 3021 (JPC) (GS)
       -v-  :
  :     ORDER ADOPTING
UMG RECORDING, INC. *et al.*,  :     REPORT AND
  :     RECOMMENDATION
                Defendants.  :
  :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Todd Lorenzo Johnson brings this action under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* Two of the remaining Defendants, UnitedMasters, LLC ("United Masters")[1] and Spotify USA, Inc. ("Spotify"),[2] have jointly moved for dismissal and/or summary judgment. Dkt. 57. On December 6, 2024, the Honorable Gary Stein, to whom this case has been referred for general supervision of pretrial proceedings and for the issuance of a report and recommendation on any dispositive motion, issued a Report and Recommendation, recommending that summary judgment be granted, leave to replead be denied, and this action be dismissed with prejudice. R&R at 16-26. In reaching this recommendation, Judge Stein further determined that this action should

---

[1] The Complaint names as a Defendant, "Translation Enterprise," *see* Dkt. 1 ("Compl."), and a return of service reflects that "Translation Enterprises" was served with the summons and Complaint by the United States Marshals Service on August 15, 2023, *see* Dkt. 25. United Masters has represented that it is the proper Defendant in this action, and that it is a wholly owned subsidiary of "UnitedMasters, Inc." which was formerly known as "Translation Enterprises Inc." Dkts. 28, 30, 32; *see also* Dkt. 64 ("R&R") at 10 n.7.

[2] Several other Defendants have been dismissed from this action. *See* Dkt. 10 (dismissing without prejudice Defendants UMG Recording Company, Arista Records LLC, iTunes, Deezer, Google Play, YouTube, and Tidel Pinata NFT for Plaintiff's failure to provide valid addresses for service); Dkt. 51 (stipulation of dismissal, dismissing without prejudice Defendant UMG Recordings, Inc.).

be *sua sponte* dismissed against Defendant Amazon Music[3] "because the same deficiencies the require dismissal of Plaintiff's claims against United Masters and Spotify are equally fatal to Plaintiff's claims against Amazon Music." *Id.* at 10-11 n.8 (citations omitted).  The Court construes Judge Stein's recommendation as to the *sua sponte* dismissal of Amazon Music to given Plaintiff "notice and a reasonable time to respond" to such a possibility.  Fed. R. Civ. P. 56(f).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the district court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from the date of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  R&R at 27.  No objections have been filed and the time for making any objections has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the undersigned has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded.

---

[3] While the docket reflects that Amazon Music was served on August 17, 2023, Dkt. 26, Amazon Music has not appeared in this case.

Accordingly, the Court adopts the recommendations in the Report and Recommendation that this action be dismissed as to United Masters, Spotify, and Amazon Music, and that leave to replead be denied.

The Complaint also names as Defendants Believe Digital and TuneCore.  *See* Compl. ¶¶ 6-7.  Neither of these two entities has appeared in this action.[4]  The same deficiencies identified by Judge Stein that require dismissal as to the other remaining Defendants would appear to also require dismissal as to Believe Digital and TuneCore.  To afford adequate notice and opportunity for Plaintiff to respond, *see* Fed. R. Civ. P. 56(f), Plaintiff is ordered to show cause why the Court should not similarly grant summary judgment in favor of Believe Digital and TuneCore and dismiss his claims against these Defendants.  Plaintiff's response to this order to show cause is due by January 17, 2025.

This action therefore is dismissed with prejudice against Defendants UnitedMasters, LLC, Spotify USA, Inc., and Amazon Music for the reasons stated in the Report and Recommendation.  The Clerk of Court is respectfully directed to close Docket Number 57, to enter judgment in favor of Defendants UnitedMasters, LLC, Spotify USA, Inc., and Amazon Music on Plaintiff's Copyright Act claim in Count One, and to dismiss those Defendants from this action.  The Clerk of Court is further directed to mail a copy of this Order to the *pro se* Plaintiff.

SO ORDERED.

Dated: January 3, 2025
       New York, New York                                 _____
                                                                JOHN P. CRONAN
                                                          United States District Judge

---

[4] At some point, Plaintiff apparently attempted to serve these two Defendants through a woman named Deborah Jennings, who maintained that Plaintiff was contacting her in error.  *See* Dkts. 15, 22, 47.  Judge Stein excused Ms. Jennings from any obligation to respond on behalf of these entities.  Dkt. 48.